83,113-01

Roger Dale Dean

**TDCJ No. 1068114; Mark W. Michael Unit**

**2664 FM 2054, Tennessee Colony, Texas 75886-5000**

July 28, 2015

Court of Criminal Appeals of Texas
Post Office Box 12308
Austin, Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 10 2015

Del Acosta, Clerk

RE: **Ex parte Roger Dale Dean**
    **Case No. WR-83,113-02**

Dear Hon. Clerk:

Enclosed for filing with the Court of Criminal Appeals of Texas is a copy of **Applicant's Objections To State's Proposed Findings of Fact, Conclusions of Law, and Order.** Please file this document with the other papers in this case.

The original document was filed with the trial court. To ensure that the document is made part of the record, I am sending this copy to the Court of Criminal Appeals as the clerk of the trial court may have already forwarded the record.

Thank you for your assistance in this matter.

Sincerely,

Roger Dale Dean

ROGER DALE DEAN
APPLICANT

Cc: file

| | | |
|---|---|---|
| EX PARTE | § | IN THE 183RD JUDICIAL |
| | § | |
| | § | DISTRICT COURT OF |
| | § | |
| ROGER DALE DEAN | § | HARRIS COUNTY, TEXAS |

### APPLICANT'S OBJECTIONS TO STATE'S PROPOSED
### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

COMES NOW Roger Dale Dean, Applicant in the above styled and numbered cause and submits his objections to the State's Proposed Findings of Fact, Conclusions of Law, and Order.

### PRELIMINARY STATEMENT

Applicant contends that there are controverted, previously unresolved facts material to the legality of his confinement that requires an evidentiary hearing. The Court has not heard from the prosecuting assistant district attorney or law enforcement regarding Applicant's claims of prosecutorial misconduct and police misconduct.

While Applicant's trial counsel has submitted an affidavit concerning Applicant's ineffective assistance of trial counsel claims, Applicant has requested counsel in order to develop the facts of his claims. This is the initial-review of Applicant's ineffective assistance of trial counsel claims and if he is not appointed counsel to assist him in developing the facts he is denied fair process. See **Martinez v. Ryan**, 132 S.Ct. 1309 (2012); see also **Trevino v. Thaler**, 569 U.S. 1611 (2013).

### OBJECTIONS TO FINDINGS OF FACT

4. Applicant admits that it took him quite a while to obtain

the documents needed to raise his claims, he asserts that the State continues to withhold discovery material pursuant to Texas Government Code § 552.028(a).

5. As stated above, Applicant is unable to access the evidence needed to fully develop his claims, which has been the main factor to the delay.

6. Applicant is therefore entitled to equitable releif based on the State's bad faith.

7. Applicant's delay is a result of the State's constructive denial of access to material needed to develop his claims.

8. The State has failed to show how the extended delay has prevented them from responding to Applicant's claims. Therefore, the doctrine of laches should not bar Applicant's claims.

9. Applicant : asserts that evidence of police misconduct exists outside the record, including police testimony addressing the claims, which prevented litigation on appeal.

10. Again, Applicant asserts that evidence exists outside the appellate record, including prosecutor's testimony concerning the claim, which prevented litigation on appeal.

11. Applicant has not forfeited his right to have the merits of these allegations reviewed and he contends that evidence exists outside the appellate record.

14. While Applicant's counsel did question Rose Marie Andrews concerning bias, counsel did the questioning prior to Ms. Andrews becoming upset about Applicant writing down her son-in-law's name.

15. Ms. Andrew's assurance was done prior to becoming upset.

18. Based on Ms. Andrews becoming upset, trial counsel's

2

failure to strike her could not have been reasonable trial strategy.

19. Applicant's claims that Ms. Andrews was bias and counsel rendered deficient performance is meritorious and sufficient to warrant habeas releif.

20. Applicant has provided the needed facts to establish that his trial counsel failed to sufficiently investigate the credibility and qualifications of the medical examiner.

22. The complainant's death was in dispute as Applicant's counsel claimed that it was self defense.

23. Based on the record of trial counsel's argument, he did concede the element of intent at trial.

24. Had counsel properly investigated the medical examiner, they would have had knowledge of information that would allow them in good faith to question the credibility and qualifiactions of the medical examiner.

25. Counsel could have impeached the medical examiner with the medical examiner's conduct prior to trial and his employment problems that existed at that time. The manner of death was at issue because there was a struggle over the gun.

26. Based on the medical examiner's false testimony in an Ohio murder case prior to Applicant's trial and his qualifications as Harris County medical examiner, the manner of death was falsely stated by the medical examiner although there were apparent powder burns on the complainant's hand.

27. Applicant has shown sufficient evidence that his counsel's conduct fell below an objective standard of reasonableness and that a reasonable probability exists that the result of the proceeding

3

## OBJECTIONS TO CONCLUSIONS OF LAW

1. The State has failed to show how it may have been prejudiced by Applicant's delay in filing his writ.

2. Applicant's claims are meritorious.

3. Had Applicant been provided a full and fair opportunity to develop the facts of his claims additional evidence would have been discovered outside the appellate record.

4. Applicant's claims should not be forfeited because with an opportunity to develop the facts, evidence would have existed outside the appellate record.

5. Applicant has provided sufficient proof that the facts of his claims support his entitlement to habeas relief.

6. Applicant's claims are supported by the record, and with a full and fair opportunity to develop the facts of his claims, Applicant could provide additional evidence to further support his claims.

7. Applicant has provided sufficient evidence to show that his counsel's conducte was deficient and that the outcome of the trial would have been different.

8. Based on the claims presented in the application, Applicant's right to effective assistance of counsel was violated.

9. Applicant has shown the Court that his conviction was improperly obtained and that he is illegally restrained of his liberty.

The State's recommendation that relief should be denied is unreasonable. Relief should be granted.

4

Respectfully submitted,

*Roger Dale Dean*

ROGER DALE DEAN
APPLICANT
TDCJ No. 1068114
Mark W. Michael Unit
2664 FM 2054
Tennessee Colony, Texas 75886

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing objections has been served by placing same in the United States Mail, postage prepaid, on the 28th day of July, 2015, addressed to:

Farnaz Faiaz
Assistant District Attorney
1201 Franklin, 6th Floor
Houston, Texas 77002

*Roger Dale Dean*

ROGER DALE DEAN
APPLICANT

5